# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL DEGROAT, *et al.*,

    Plaintiffs,

    v.

TROOPER BRIAN E. RICKARD, *et al.*,

    Defendants.

NO. 3:16-CV-01186

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Presently before me is a Motion for a Protective Order (Doc. 53) filed by non-party Wayne County Court of Common Pleas President Judge Janine Edwards, seeking to quash Plaintiffs' notice of deposition. Plaintiffs seek to depose Judge Edwards to discover facts relating to her investigation of Derek DeGroat's death when she was a District Attorney, including what Plaintiff Lindsey Erk stated during a 911 call. (*See generally* Doc. 61). Judge Edwards contends that any information Plaintiffs seek through a deposition would, among other reasons, be irrelevant to the case. (Doc. 53 at 12-13). For the reasons that follow, the Motion will be granted.

## **I. Background**

At the time of the events surrounding the Amended Complaint (Doc. 39), Judge Edwards was the District Attorney for Wayne County (*see* Doc. 53 at 1). According to Plaintiffs, Judge Edwards was personally involved in the investigation surrounding Derek DeGroat's death: "she was present on the night of the shooting at the Pennsylvania State Police Honesdale Barracks . . . , including in the access-restricted Communications Room . . . , and also at the scene of the homicide that night." (Doc. 61 at 3). Then-DA Edwards concluded that DeGroat's killing was justified, at least in part because of the content of Erk's 911 call. (*Id.*). Plaintiffs primarily seek to depose Judge Edwards to figure out what Erk said on the recorded 911 call and to determine the extent of Judge Edwards's "involvement in securing, copying, or editing the subject recording." (*See id.* at 4). Plaintiffs also want Judge

Edwards to "answer questions regarding her factual observations, conversations, and other relevant facts in connection with th[e] investigation." (*Id.*).

## II. Discussion

Federal Rule of Civil Procedure 26(c)(1) permits me, "for good cause," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" The party or person "seeking protection has the burden of showing that there is good cause for it." *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005). Whether the good cause threshold is met depends on the balancing of the so-called *Pansy* factors: (1) "whether the information is being sought for a legitimate purpose or an improper purpose;" (2) "whether sharing of the information among litigants would promote fairness and efficiency;" and (3) "whether the party benefitting from the order . . . is a public entity or official." *Arnold v. Penn. Dep't of Transp.*, 477 F.3d 105, 108 (3d Cir. 2007) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-88 (3d Cir. 1994)). There are other factors, too—the movant's interest in privacy and avoiding embarrassment, and whether the information sought or the case itself raises important public issues or issues of public health and safety. *Id.* For the sake of resolving this Motion, I will assume those other factors weigh in favor of Plaintiffs, and will address only the three factors quoted above.

On the facts of this case, the three factors I quoted weigh disproportionately in favor of quashing the notice of deposition. There are two fundamental issues with Plaintiffs' request to depose Judge Edwards. The first is that I have already ordered Defendants to turn over Erk's full 911 call. (Doc. 74). Plaintiffs therefore have most of the information they want to discover through deposition testimony. The second issue is that Judge Edwards's testimony would be irrelevant under Federal Rule of Civil Procedure 26(b)(1) because the information Plaintiffs seek through the deposition is irrelevant to any claim or defense. Plaintiffs say they want Judge Edwards to testify to her "factual observations, conversations, and other relevant facts" regarding her investigation (Doc. 61 at 4), and list a number of questions they would ask her (*id.* at 15). Those questions touch on why then-DA Edwards was at the scene of DeGroat's shooting, what role she had there, and what the "DA's

2

Office's policies and procedures were," among other things. (*Id.*). This information has nothing to do with Plaintiffs' claims against the Defendant Pennsylvania State Troopers (or any corresponding defenses) for failure to intervene, use of excessive force, intentional and negligent infliction of emotional distress, false imprisonment, negligence, assault and battery, and wrongful death. (*See* Doc. 39 at 6-12). Judge Edwards is not a party to this action, and neither Judge Edwards nor the Wayne County District Attorney's Office is even mentioned in the operative pleadings. (*See generally id.*; Doc. 40 (Defendants' Answer)). Plaintiffs have not indicated, by argument or reference to the record, how Judge Edwards's testimony would bear on any claims or defenses—as Judge Edwards notes, there is no reason to think her knowledge of her former office's policies and procedures would render Defendants' use of force any more or less excessive. (Doc. 53 at 12-13). It is true that Judge Edwards bears the burden of showing good cause exists for a protective order, but Plaintiffs' conclusory statement that her testimony "may provide impeachment material" (Doc. 61 at 13) is not enough to show the information they seek is relevant.

### III. Conclusion

In sum, (1) the information Plaintiffs seek is not being sought for a legitimate purpose, because the information is irrelevant to any claim or defense asserted in the pleadings; (2) the sharing of the information would not promote efficiency, because Plaintiffs already have the 911 call about which they seek to question Judge Edwards; and (3) the party who would benefit from the order (Judge Edwards) is a public official. Even if the other *Pansy* factors weigh in favor of Plaintiffs, these three factors weigh disproportionately in favor of Judge Edwards and an order quashing Plaintiffs' notice of deposition.

Accordingly, **NOW**, this 16th day of November, 2018, for the reasons stated above, **IT IS HEREBY ORDERED** that the Motion for a Protective Order (Doc. 53) is **GRANTED**. The Plaintiffs' notice of deposition of Judge Edwards is **QUASHED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge